1 | Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
2 | Nikolas T. Djordjevski CA Bar No. 294728
nikolas.djordjevski@ogletree.com
3 | Yousaf M. Jafri CA Bar No. 314773
yousaf.jafri@ogletree.com
4 | OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
5 | 4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
6 | Telephone:   858-652-3100
Facsimile:    858-652-3101

Attorneys for Defendant STELVIO TRANSPORT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| EDUARDO ORTEGA, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STELVIO TRANSPORT, LLC, a Delaware Corporation; AMAZON LOGISTICS, INC., a Delaware Corporation; and DOES 1 through 100,<br><br>Defendants. | Case No.<br><br>**DEFENDANT STELVIO TRANSPORT, LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>Date Removed:<br>Complaint Filed:  April 15, 2022 |
|---|---|

# **TABLE OF CONTENTS**

Page

I. TIMELINESS OF REMOVAL ...................................................................................1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL................2

    A. The Proposed Class Consists of More Than 100 Members ...........................3
    B. Minimum Diversity Exists Because Amazon and Plaintiff Are Not Citizens of the Same State..............................................................................4
    C. The Amount in Controversy Exceeds $5 Million ..........................................5

        1. *Failure to Provide Rest Periods Claim.*...................................................7
        2. *Waiting Time Claim.* ...............................................................................8
        3. *Plaintiff's Request for Attorneys' Fees Places More Than $1.35 Million in Controversy.* ............................................................................9
        4. *Just Two of Plaintiff's Seven Causes of Action, Including Attorneys' Fees, Place More Than $6.78 Million in Controversy.* ........................................................................................9

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER .................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Arias v. Residence Inn by Marriott*,
 936 F.3d 920 (9th Cir. 2019) .................................................................................. 6, 7, 8

*Barcia v. Contain-A-Way, Inc.*,
 2009 WL 587844 (S.D. Cal. Mar. 6, 2009) ................................................................. 9

*Campbell v. Vitran Express, Inc.*,
 471 F. App'x 646 (9th Cir. 2012) ................................................................................ 6

*Dart Cherokee Basin Operating Co. v. Owens*,
 574 U.S. 81 (2014) ................................................................................................ 5, 6, 7

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ..................................................................................... 9

*Johnson v. Columbia Props. Anchorage, LP*,
 437 F.3d 894 (9th Cir. 2006) ....................................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
 704 F.2d 1088 (9th Cir. 1983) ..................................................................................... 5

*Korn v. Polo Ralph Lauren Corp.*,
 536 F. Supp. 2d 1199 (E.D. Cal. 2008) ....................................................................... 6

*LaCross v. Knight Transp. Inc.*,
 775 F.3d 1200 (9th Cir. 2015) ..................................................................................... 5

*Lewis v. Verizon Commc'ns, Inc.*,
 627 F.3d 395 (9th Cir. 2010) ....................................................................................... 6

*Mann v. City of Tucson, Dep't of Police*,
 782 F.2d 790 (9th Cir. 1986) ....................................................................................... 4

*Salter v. Quality Carriers, Inc.*,
 974 F.3d 959 (9th Cir. 2020) .................................................................................... 6, 7

*Std. Fire Ins. Co. v. Knowles*,
 568 U.S. 588 (2013) ..................................................................................................... 6

**Federal Statutes**

28 U.S.C. § 84(c) .................................................................................................. 10

28 U.S.C. § 1332 ........................................................................................... 2, 3, 4, 5

28 U.S.C. § 1441 ................................................................................................ 3, 10

28 U.S.C. § 1446 ....................................................................................................... 1

**State Statutes**

Labor Code Section 201 ............................................................................................ 9

Labor Code Section 203 ....................................................................................... 7, 8

Labor Code Section 226.7 ......................................................................................... 7

Labor Code Section 2802 .......................................................................................... 2

Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Stelvio Transport, LLC hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 2207825 in the Superior Court of California, San Bernardino County. Removal is proper on the following grounds:

## I.   TIMELINESS OF REMOVAL

1. Plaintiff Eduardo Ortega ("Plaintiff") filed a putative Class Action Complaint (the "Complaint") against Stelvio Transport, LLC ("Stelvio") and Amazon Logistics, Inc. ("Amazon," and together with Stelvio, "Defendants") in San Bernardino County Superior Court, State of California, Case No. 2207825, on April 15, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders are attached to this Notice of Removal as Exhibits A–E. *See*, Declaration of Tim L. Johnson ("Johnson Decl."); *see also,* Declaration of Samuel Hyde ("Hyde Decl."), ¶ 3.)

2. Stelvio accepted service by Notice and Acknowledgment of Receipt, *see* Cal. Civ. § 415.30, on June 22, 2022. Amazon accepted service by Notice and Acknowledgement of Receipt on June 28, 2022. (Declaration of Samuel Hyde, ¶ 3; Ex. A.) This notice of removal is timely because it is filed within 30 days after service on Amazon was completed. 28 U.S.C. § 1446(b).[1]

---

[1] In addition, Plaintiff's Complaint does not disclose the amount in controversy, and Defendant were not required to investigate its records within 30 days. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (rejecting plaintiff's argument that defendant "should have consulted its business records to identify a representative valuation" within 30 days after service); *see also Bendorf v. Sea World LLC*, No. 21-CV-02061-AJB-AGS, 2022 WL 1056083, at *2 (S.D. Cal. Apr. 8, 2022) ("Plaintiff's Complaint does not provide any figures regarding the number of weeks worked by putative class members or their hourly wages. As the four corners of the Complaint does not contain sufficient information from which Defendants could calculate and ascertain that the amount in controversy exceeded $5 million, it falls short of triggering the removal clock under Section 1446(b)(1).").

## II.  SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject-matter jurisdiction over this action and all claims asserted against Stelvio and Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure section 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Declaration of Tim L. Johnson ["Johnson Decl."], Ex. A ("Compl."), ¶¶ 1, 18, 24, & Prayer for Relief.

5. Plaintiff requests an "order certifying this case as a class action." Compl., Prayer for Relief. He seeks to represent "all Defendants' current and former nonexempt employees in California who were subject to Defendants' timekeeping policies and/or practices during the four years immediately preceding the filing of the Complaint." *Id.*, ¶ 18(b).

6. In his Complaint, Plaintiff alleges seven causes of action against Defendants: (1) failure to pay overtime in violation of California Labor Code Sections 204, 510, 558, 1194, and 1198; (2) failure to pay minimum wage in violation of Labor Code Sections 1194, 1197, 1182, and Wage Order 9; (3) failure to pay meal period premiums in violation of Labor Code Sections 226.7 and 512, and Wage Order 9; (4) failure to pay rest period premiums in violation of Labor Code Section 226.7 and 516, and Wage Order 9; (5) failure to reimburse expenses in violation of Labor Code Section 2802; (6) failure to timely pay wages upon termination in violation of Labor Code Sections 201, 202, and 203; and (7) unfair competition under Business & Professions Code section 17200 *et seq*.

7. Among other things, Plaintiff alleges that putative class members are entitled to damages, unpaid wages, statutory penalties for late payment of wages, interest, and attorneys' fees and costs. *See* Compl., Prayer for Relief.

8. Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Stelvio denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class members. Stelvio also denies that class treatment is appropriate under these circumstances, including because Plaintiff is subject to a binding arbitration agreement that requires his claims to be arbitrated on an invidual basis only and because there are many material differences between the experiences of Plaintiff and the putative class members he seeks to represent. Stelvio expressly reserves all rights and defenses, including its right to compel arbitration. However, for purposes of the jurisdictional requirements for removal *only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.     The Proposed Class Consists of More Than 100 Members**

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff's proposed "Classes" consist of "all Defendants' current and former non-exempt employees in California who":

- "worked more than 8.0 hours per day and/or 40.0 hours per workweek and: (i) received Incentive Pay during a corresponding time period; and/or (ii) were subject to Defendants' timekeeping policies and/or practices for non-exempt employees," during the period April 15, 2018 through the present (the alleged "Overtime Class");

- "were subject to Defendants' timekeeping policies and/or practices," during the period April 15, 2018 through the present (the alleged "Minimum Wage Class");

- "worked at least one shift in excess of 5.0 hours," for the period April 15, 2018 through the present (the alleged "Meal Period Class");

- "worked at least one shift in excess of 3.5 hours," during the period April 15, 2018 through the present (the alleged "Rest Period Class");

- "were required to use a personal cellular phone for work-related purposes," during the during the period April 15, 2018 through the present (the alleged "Reimbursement Class"); and/or

- are "members of the Overtime Class, Minimum Wage Class, Meal Period Class, and/or Rest Period Class who separated their employment with Defendants," during the during the period April 15, 2019 through the present (the alleged "Waiting Time Class").

*See* Compl., ¶¶ 18(a)-(f).

12. Based *solely* on Plaintiff's allegations in the Complaint, Stelvio assumes for the purposes of removal *only* that each putative Class alleged in the Complaint would include Stelvio's non-exempt drivers who were employed during the putative class periods and who "deliver[ed] consumer packages for businesses," Compl. ¶10 ("Delivery Associates"). According to Stelvio's records, it has employed at least 1,400 Delviery Associates from April 15, 2019 through January 26, 2022. (Declaration of Christine Hummell ["Hummell Decl."], ¶ 3.)

13. Accordingly, while Stelvio denies that class treatment is permissible or appropriate, as alleged, the proposed class consists of well over 100 members.

**B.  Minimum Diversity Exists Because Amazon and Plaintiff Are Not Citizens of the Same State**

14. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A). For purposes of CAFA, the plaintiff's citizenship is determined "as of the date of filing of the complaint or amended complaint, or if the case stated by the initial pleading is not subject to federal jurisdiction, as of the date of service

by plaintiffs of an amended pleading . . . indicating the existence of [f]ederal jurisdiction." 28 U.S.C. § 1332(d)(7); *see also cf. Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986) (concluding that, for traditional removal, diversity of citizenship is established "at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced").

15. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Based on information and belief, (*see* Compl. ¶ 3), Plaintiff is domiciled in California and is therefore a citizen of California for purposes of removal under CAFA.

16. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. Stelvio Transport, LLC is a limited liability company organized under the laws of California and has its principal place of business in San Diego, California. Stelvio has three members, all of whom are citizens of the State of California. (Hummell Decl., ¶ 2.) As such, Stelvio is a Citizen of California.

18. Based on information and belief, Amazon Logistics, Inc. is incorporated in Delaware and has its principal place of business in Seattle, Washington. *See* Johnson Decl., ¶ 7, Ex. 1. As such, Amazon is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1).

19. Accordingly, Plaintiff and Amazon are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.    The Amount in Controversy Exceeds $5 Million**

20. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

21. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (internal quotation marks and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

22. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

23. Although Stelvio denies that Plaintiff's claims have any merit, for the purposes of meeting the jurisdictional requirements for removal only, if Plaintiff were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

24. Stelvio reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof," internal quotation marks and citations omitted). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.

### 1. *Failure to Provide Rest Periods Claim*

25. Plaintiff's fourth cause of action alleges that due to "Defendants' unlawful rest period policies and/or practices, Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all lawful rest periods to which they were legally entitled. Despite Defendants' violations, Defendants failed to pay an additional hour of premium pay to Plaintiff and members of the Rest Period Class at their respective regular rates of pay for each violation, as required by California Labor Code § 226.7." Compl. ¶ 41. Plaintiff alleges that Defendants violated California Labor Code Section 203 in *every* shift over 3.5 hours with respect to every member of the putative Rest Period Class: "Defendants failed to authorize and permit Plaintiff and other non-exempt employees to take any rest periods whatsoever." *Id.* ¶ 14.

26. According to Stelvio's records, Delivery Associates employed by the Company worked over 100,000 shifts of at least 3.5 hours between April 15, 2018 and

April 15, 2022. During this period, each member of the putative Rest Period Class was paid at least $15 per hour. Hummell Decl., ¶ 3. Accordingly, conservatively assuming a violation rate of 50% in light of the allegations in the Complaint, Plaintiff's Fourth Cause of Action (unpaid rest period premiums) places at least **$750,000** in controversy (100,000 shifts x .5 x $15/hour).[2]

### 2. *Waiting Time Claim*

27. Plaintiff's sixth cause of action for waiting time penalties alleges that "Defendants' willful failure to timely pay Plaintiff and members of the Waiting Time Class all earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due." Compl. ¶ 51. Taking these allegations as true, pursuant to California Labor Code Section 203, this places in controversy 30 days' wages for each member of the putative Waiting Time Class. Based on Stelvio's records, at least 1,300 Delivery Associates separated from employment between April 15, 2019 (three years prior to Plaintiff filing the Complaint) and April 15, 2022. *See* Hummell Decl. ¶ 4. During this period, each member of the putative Waiting Time Class was paid at least $15 per hour (and hundreds of Delivery Associates earned a higher hourly rate). *Id*. Assuming members of the putative Waiting Time Class worked at least 8 hours per day, each such employee earned an average of at least $120 per day ($15/hour x 8 hours/day). Accordingly, the Complaint's Sixth Cause of Action (waiting time penalties) places at least **$4,680,000** in controversy (1,300 x $120/day x 30 days).[3]

---

[2] This is a conservative estimate because: (1) hundreds of Delivery Associates earned more than $15 per hour, *see* Hummell Decl. ¶ 3; and (2) Plaintiff alleges a 100% violation rate for rest periods. *See* Compl. ¶ 41.

[3] Again, this is a conservative estimate because (1) hundreds of Delivery Associates earned more than $15 per hour and (2) Plaintiff alleges that Defendants paid Delivery Associates non-discretionary bonuses that should be considered "wages" when calculating the hourly rate under California Labor Code Section 203. *E.g.*, Compl. ¶¶ 11, 26-29.

**3.    *Plaintiff's Request for Attorneys' Fees Places More Than $1.35 Million in Controversy***

Plaintiff also explicitly seeks attorneys' fees should he recover for any of the claims in this action. *See* Compl., Prayer for Relief. Prospective attorneys' fees are properly included in the amount in controversy for purposes of evaluating CAFA jurisdiction. *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'").

28.    Here, Stelvio has established that the aggregate amount in controversy for the Fourth and Six Causes of Action alone is at least **$5.43 million** ($750,000 plus $4,680,000), and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees. Stelvio denies that any attorneys' fees are owed to Plaintiff or putative class members. However, for purposes of this jurisdictional analysis *only*, Stelvio relies on Plaintiff's allegations that the attorneys' fees are owed.

29.    Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding alleged Labor Code Section 226 and Section 201 violations results in estimated attorneys' fees of approximately **$1.35 million**, calculated as follows:

| Conservative Estimate of Amount in Controversy from Section 226.7 and Section 201 Claims: | At least $5.43 million |
|---|---|
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees: | at least **$1.35 million** |

**4.    *Just Two of Plaintiff's Seven Causes of Action, Including Attorneys' Fees, Place More Than $6.78 Million in Controversy***

30.    In summary, Plaintiff's allegations regarding waiting time penalties and failure to provide rest breaks places more than $5.43 million in controversy, and attorneys'

fees on those two claims would place an additional $1.35 million in controversy, for a total of at least $6.78 million. This number underestimates the total amount placed in controversy by Plaintiff's Complaint because it is based on conservative assumptions about Plaintiff's putative class allegations and does not account for, among other things, any recovery sought for failure to pay overtime wages and minimum wages (First and Second Causes of Action), failure to pay meal period premiums (Third Cause of Action), failure to reimburse business expenses (Fifth Cause of Action), or violation of the Unfair Competition Law (Seventh Cause of Action).

31. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

32. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b) The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

33. The United States District Court for the Central District of California is the federal judicial district in which the San Bernardino County Superior Court sits. This action was originally filed in the San Bernardino County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

34. True and correct copies of process, pleadings, and orders are attached to this Notice of Removal as Exhibits A–E.

35. Upon filing the Notice of Removal, Stelvio will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Bernardino County Superior Court, pursuant to 28 U.S.C. § 1446(d).

DATED: July 28, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Tim L. Johnson*
Tim L. Johnson
Nikolas T. Djordjevski
Yousaf M. Jafri
Attorneys for Defendant
STELVIO TRANSPORT, LLC